IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV132-1-MU

| | |
|---|---|
| TOMMIE PARKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SUPERIOR COURT, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court for an initial review of Petitioner's federal habeas petition (Doc. No. 1); and Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2), both filed April 2, 2009.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the affidavit in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

As an initial matter, the Court notes that Petitioner has named the incorrect respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth that if a petitioner "is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Petitioner has not complied with this requirement. Typically, this Court would provide a petitioner with the opportunity to amend his federal habeas petition to name the proper respondent. However, because this Court finds that Petitioner's federal habeas petition lacks merit, his petition is dismissed on the merits for the reasons set forth below.

## PROCEDURAL HISTORY

According to Petitioner, on June 13, 2007, after trial by jury, Petitioner was convicted by jury in Mecklenburg County Superior Court for first-degree burglary and common law robbery. That same day, Petitioner entered a plea of guilty to habitual felon status. Judge Timothy S. Kinkaid sentenced Petitioner to 168 to 211 months imprisonment.

Petitioner directly appealed his sentence and conviction to the North Carolina Court of Appeals. On June 17, 2008, the court of appeals issued an unpublished opinion finding no error in Petitioner's case. On July 22, 2008, Petitioner filed a Petition for Discretionary Review and Notice of Appeal with the North Carolina Supreme Court which was denied on October 9, 2008. Petitioner did not seek state post-conviction relief.

On April 2, 2009, Petitioner filed the instant federal habeas petition raising four claims. More specifically, Petitioner alleges that: 1) the trial court erred by calling his case to trial less than twenty days after the habitual felon indictment was issued; 2) his counsel was ineffective for failing to object to this trial court error; 3) the trial court erred in denying his motion to dismiss as there was insufficient evidence to convict him for possession; and 4) his sentence violated the constitution as it amounted to cruel and unusual punishment.

## APPLICABLE LAW

### A. STANDARD OF REVIEW UNDER 28 U.S.C. § 2254

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir.

2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## PETITIONER'S CLAIMS

### A. HABITUAL FELON

**1. Violation of Statutory Mandate**

In his first claim, Petitioner asserts that he "was called to trial less than twenty days after the habitual felon indictment was issued, as same was against the express statutory mandate." Petitioner further states that he did not waive the statutory protection.

This claim was presented by Petitioner to the North Carolina Court of Appeals. After noting that § 14-7.3 of the North Carolina General Statutes requires a twenty day period between indictment on habitual felon status and trial, the North Carolina Court of Appeals found that Petitioner had waived his statutory right to this time period. State v. Parks, 662 S.E.2d 405 (N.C. App. 2008). In addition, the court of appeals found that Petitioner was barred from raising from his due process claim on appeal because he had not raised it at trial. Id. Consequently, the standard of review set forth in § 2254(d) applies to this claim. Therefore, relief may not be granted unless the North Carolina Court of Appeal's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

Misapplications of state law are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir.), cert. denied, 527 U.S. 1016 (1999). The failure of a state court to comply with the terms of a state statute is a matter of state law. Although Petitioner does not expressly assert in this claim that the violation of the statutory terms equates with a violation of his due process rights, to the extent such an assertion is read into his claim, his claim still fails. Every misapplication of state law is not a violation of due process. Petitioner provides no argument to support such a conclusion that the alleged state error in the instant case rises to the level of a due process violation. Because claims arising from state law are not cognizable on federal habeas

review, his claim must fail. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Moreover, even if Petitioner's claim was cognizable, it would be denied pursuant to 28 U.S.C. § 2254(d). Petitioner raised the substance of his present contention on appeal and it was denied. Petitioner cites no Supreme Court precedent which clearly supports his argument. Nor does Petitioner present an argument to support a finding that the state court unreasonably determined any facts. The state's adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court nor is the state court decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings and Petitioner's claim must fail.

**2. Ineffective Assistance of Counsel**

In a related second claim, Petitioner contends that the failure to follow the terms of the habitual felon statute violated his due process and his right to effective assistance of counsel.

Petitioner also raised this claim on direct appeal. The Court of Appeals denied his ineffective assistance of counsel claim stating: "defendant has not advanced any argument regarding how such failure caused him prejudice. Defendant pled guilty to habitual felon status and has failed to demonstrate how lack of additional time hindered trial preparation or any other needs. This argument has no merit . . . ." State v. Parks, 662 S.E.2d 405 (N.C. App. 2008).

Again, because this claim was presented by Petitioner to the North Carolina Court of Appeals, the standard of review set forth in § 2254(d) applies to this claim. Therefore, relief may not be granted unless the North Carolina Court of Appeal's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner has not alleged any specific facts that would support a conclusion that he was prejudiced by his counsel's alleged failure to raise a claim based upon an alleged violation of the terms of § 14-7.3 of the North Carolina General Statutes. Nor does Petitioner present any specific facts that would support the conclusion that he was prejudiced by any alleged ineffectiveness. As such he has failed to establish that the appellate court's ruling was contrary to, or involved an unreasonable application of, clearly established Federal law or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

## B. INSUFFICIENT EVIDENCE

In his third claim, Petitioner alleges that "the credible evidence was insufficient to submit this charge to a jury. The trial court erred in denying Defendant's motions to dismiss and to set aside the verdict as to possession."

This claim was presented by Petitioner to the North Carolina Court of Appeals. The court of appeals adjudicated this claim on the merits holding that "there was sufficient evidence of defendant's identity as the perpetrator of the crimes charged to send the case to the jury, and the trial court did not err in denying defendant's motion to dismiss." State v. Parks, 662 S.E.2d 405 (N.C. App. 2008). Consequently, the standard of review set forth in § 2254(d) applies to this claim. Therefore, relief may not be granted unless the North Carolina Court of Appeals adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

In Jackson, the Supreme Court held that when reviewing a claim of insufficiency of the evidence, a court must consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 324; see also Wright v. West, 505 U.S. 277 (1992)(same).

In ruling that the trial court had correctly denied Petitioner's motion to dismiss, the appeals court noted that the prosecution had presented evidence that the victim had known Petitioner all his life; that he stayed at her house on and off; that she took care of him when he needed assistance; and that he often ate meals at her house, including the morning he robbed her.

The victim testified at trial that she saw Petitioner in her room and recognized his voice. The appeals court noted that such evidence was sufficient, taken in the light most favorable to the prosecution, to allow the jury to determine that Petitioner was the individual who committed the robbery. Petitioner presents no argument in his federal habeas petition to support a conclusion that the appeals court ruling on this issue was contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor has he argued that is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. As such this claim fails.

C. **CRUEL AND UNUSUAL PUNISHMENT**

Finally, for his fourth claim, Petitioner alleges that the trial court erred "by sentencing Defendant as a habitual felon, as the sentence, 168 to 211 months, constituted cruel and unusual punishment since (1) the case involved theft of $ 40 and (2) one of the predicate convictions was over 20 years old and on was 17 years old."

Petitioner raised this issue on direct appeal. The court of appeals denied the claim citing to established state court law holding that habitual felon status does not constitute cruel and unusual punishment under the Eighth Amendment. Because the court of appeals denied this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Petitioner has failed to establish, or even argue that the court of appeal's ruling was

contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor has he argued that is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. As such this claim fails.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**; and

2. Petitioner's Federal Habeas Petition (Doc. No. 1) is **DISMISSED**.

Signed: April 23, 2009

Graham C. Mullen
United States District Judge